IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL KENEBREW,  )
 )
      Petitioner,  )
 )
 )     CIV-14-654-D
v.  )
 )
TERRY MARTIN,  )
 )
      Respondent.  )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for Murder in the Second Degree entered in the District Court of Oklahoma County, Case No. CF-2010-34. Respondent has moved to dismiss the action on the basis that Petitioner has failed to exhaust available state judicial remedies, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be denied.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in

a habeas petition). "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

An unexhausted federal habeas petition is ordinarily subject to dismissal unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). See Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)(when habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies").

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Because Petitioner is proceeding *pro se*, this Court is required to generously construe his allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(*per curiam*).

Petitioner was charged with the offense of first degree malice aforethought murder. In his trial, the jury was instructed on the first degree murder offense, the lesser included offenses of second degree murder (depraved mind) and first degree manslaughter (heat of passion), and the defense of self-defense. The jury convicted Petitioner of the lesser included offense of second degree depraved mind murder. Petitioner was sentenced to serve a 30-

year term of imprisonment, and he appealed.

In his appeal, Petitioner asserted that (1) the trial court committed plain error by failing to instruct the jury on manslaughter in the first degree by resisting criminal attempt; (2) prosecutorial misconduct, specifically, the prosecution's "misrepresent[ing] a key statement in evidence by attributing it to [Petitioner]" and "fail[ing] to turn over phone records in their possession," deprived him of a fair trial; (3) trial counsel rendered constitutionally ineffective assistance by failing to request a jury instruction on first degree manslaughter by resisting criminal attempt and by failing to object to the prosecutor's misleading questions and argument; and (4) cumulative trial errors deprived Petitioner of a fair trial. The State responded in opposition to each of the propositions of error.

The Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion denying each of Petitioner's claims. Petitioner did not seek post-conviction relief.

In his federal habeas Petition, Petitioner asserts in ground one that "THE TRIAL COURT WAS PARTIAL AND BIAS [sic], THEREBY DENYING KENEBREW DUE PROCESS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS." In ground two, Petitioner asserts that "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AND ALSO LABORED UNDER AN OBVIOUS CONFLICT OF INTEREST TO THAT OF KENEBREW VIOLATING THE SIXTH AMENDMENT." In ground three, Petitioner contends that "PROSECUTORIAL MISCONDUCT DEPRIVED KENEBREW A FAIR TRIAL."

Respondent contends that the Petition should be dismissed due to Petitioner's failure

3

to exhaust the claim asserted in ground one and a portion of the claim asserted in ground two in which Petitioner asserts that his defense counsel was operating under a conflict of interest. Petitioner acknowledges in his Petition that these claims may be unexhausted but suggests that it would be futile to require him to return to the state courts and that an "anticipatory procedural bar" should be applied "given the procedural posture of these unexhausted claims in Oklahoma. . . ." Petition, at 21.

When a federal habeas petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," there is a "procedural default for purposes of federal habeas" review. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). In this circuit, such an "[a]nticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Moore v. Schoeman, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002).

Petitioner cites the Tenth Circuit Court of Appeals' decision in Anderson v. Sims, 476 F.3d 1131 (10th Cir. 2007), to support his argument. The Tenth Circuit recognized in Anderson that "Oklahoma's procedural rules bar post-conviction relief of any claims that were not raised on direct appeal, *see* Okla. Stat. Ann. tit. 22, § 1086, as well as any claims that were not raised in an initial application for post-conviction relief. *See* id. §§ 1086, 1089(D)(2)." Id. at 1141. In that case, the OCCA had previously denied the petitioner's request for time to prepare a successive post-conviction application and stated that an

4

extension of time was unnecessary because the petitioner would be barred under the court's procedural rules from presenting his collateral claims in a successive post-conviction proceeding. Id. at 1138. The Tenth Circuit found that the petitioner's ineffective assistance of counsel claim was exhausted because he could not raise it in state court and that the State had refused to defend the adequacy of the procedural bar rule applied by the state court, and therefore the court had "no choice but to proceed to the merits of Anderson's claim of ineffective assistance of trial counsel." Id. at 1140.

Unlike the circumstances in Anderson, in this case the OCCA has not found that the presentation of any claims asserted in a post-conviction application would be barred by the court's procedural rules. Petitioner has not sought post-conviction relief. Nor has he been found to have defaulted the opportunity to seek post-conviction relief. Thus, it is not necessary to apply an anticipatory procedural bar or determine the adequacy of any state procedural rule employed as a bar to post-conviction review of any claims presented to the state courts. See English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998)("On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.").

If, indeed, Petitioner has not exhausted his claims by failing to assert them in his direct appeal, there is an available post-conviction remedy in Oklahoma that Petitioner could pursue. The Court must therefore determine whether any of the claims asserted in the Petition remain unexhausted following Petitioner's direct appeal.

5

The gist of Petitioner's claim in ground one of the Petition is difficult to comprehend. In arguing that the trial court denied him due process during his trial, Petitioner reiterates the ineffective assistance of counsel claim he asserts in ground two and his claim of prosecutorial misconduct urged in ground three. Petitioner also cites a Tenth Circuit Court of Appeals' decision in <u>Lambert v. Workman</u>, 594 F.3d 1260 (10th Cir. 2010), for the proposition that "in rare circumstances, a determination of state law can be so arbitrary and capricious as to constitute an independent due process . . . violation." Petition, at 6.

Petitioner's 17-page response to the Motion to Dismiss somewhat clarifies the confused nature of his claim asserted in ground one. In his response, Petitioner argues that the Motion to Dismiss on nonexhaustion grounds should be denied, and Petitioner also argues the merits of his claims of ineffective assistance and prosecutorial misconduct. Significantly, Petitioner asserts in his responsive pleading that he has demonstrated the existence of cumulative trial errors that deprived him of a fair trial. Response, at 6, 12, 13. Petitioner further argues in a "SUMMATION" argument in his responsive pleading that "there should be no difficulty in concluding that habeas relief is warranted on the basis of cumulative error." <u>Id.</u> at 15.

Consequently, the Court should construe the claim he asserts in ground one of the Petition as raising the same claim of cumulative error that he raised in ground four of his appellate brief and that was rejected on its merits bye the OCCA. With this construction, the Court should find that Petitioner has exhausted state court remedies concerning the claim raised in ground one of the Petition.

6

Additionally, although Petitioner alleges in ground two of the Petition that a "conflict of interest" between himself and his defense counsel resulted in a denial of his Sixth Amendment rights, his argument is based entirely on the claim that his defense counsel's representation was objectively unreasonable and prejudicial under the governing standard established in Strickland v. Washington, 466 U.S. 668 (1984). This is the same argument that he presented in his direct appeal and that was rejected on its merits by the OCCA. Thus, his claim in ground two of the Petition should be construed to assert the same Sixth Amendment claim of denial of his Sixth Amendment right to effective assistance of trial counsel that he presented in his direct appeal and that was rejected on its merits by the OCCA. With this construction, the Court should find that Petitioner has exhausted state court remedies concerning the claim raised in ground two of the Petition.

Giving his *pro se* Petition a liberal construction, Petitioner has asserted in the Petition the same claims he asserted in grounds two, three, and four in his direct appeal, and in light of this generous construction the Motion to Dismiss the Petition on the ground of lack of exhaustion of state judicial remedies should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Motion to Dismiss (Doc. # 8) should be denied. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   September 15th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   26th   day of   August  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE