IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL KENEBREW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-654-D |
| ) | |
| TERRY MARTIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 11], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that Respondent's Motion to Dismiss for Failure to Exhaust State Remedies [Doc. No. 8] be denied because, liberally construed, Petitioner's habeas petition raises the same grounds for relief that were presented to the Oklahoma Court of Criminal Appeals on direct appeal. Respondent has filed a timely objection. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Respondent does not object to Judge Purcell's summary of the underlying facts and procedural history of the case, or his statement of applicable legal principles. Therefore, the

Court accepts Judge Purcell's statement of the facts and law, and adopts them without further review.[1]

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 with respect to a conviction of second degree depraved mind murder, which was a lesser included offense to the charge of first degree malice aforethought murder, and a 30-year prison sentence. On direct appeal, Petitioner through counsel raised issues of 1) plain error by the trial court in failing to instruct on another lesser included offense, 2) prosecutorial misconduct, 3) ineffective assistance of trial counsel, and 4) cumulative trial errors. Petitioner's grounds for relief stated in the Petition are 1) denial of a fair trial because the trial court "turned a blind eye" to defense counsel's inadequate representation and allowed the government "to run renegade," 2) ineffective assistance of trial counsel, and 3) prosecutorial misconduct. *See* Petition [Doc. No. 1], pp. 3, 14, 19.

After consideration of the allegations and arguments in the Petition, together with Petitioner's arguments in opposition to the Motion to Dismiss, Judge Purcell concludes that the grounds for relief asserted in the Petition are the same ones that were raised in appellate issues two through four. Respondent asserts in his objection that Judge Purcell is mistaken in this conclusion. Respondent notes that Petitioner states in his Petition that trial counsel had a "conflict of interest," which was not previously raised. *See id.*, pp. 8-9. Respondent

---

[1] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of a failure to raise an issue in an objection is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

also argues that an assertion of cumulative error on direct appeal only requests collective consideration of individual propositions of error, and no proposition of Petitioner's appellate brief alleged the same claim of trial court error now asserted.

Upon *de novo* consideration of the issues raised by Respondent, the Court finds that Judge Purcell has reached the correct conclusion. While Petitioner uses the phrase "conflict of interest" in his pleading, he does not actually allege any facts to suggest that a conflict existed. Petitioner argues only that counsel "fail[ed] to hold the government to its crucible of proving its theory and prejudice is presumed" under *Strickland v. Washington*, 466 U.S. 668 (1984), and that counsel "wholly fail[ed] [his] duty to advocate [the planned] defense" that the two had discussed before trial. *See id.*; *see also* p. 13 ("In sum, counsel wholly failed [his] duty of loyalty and to zealously guard and protect his client's interests and substantive/procedural rights of which he is entitled."). Thus, the "conflict of interest" perceived by Petitioner is not one that fits within the legal meaning of that phrase. Petitioner merely alleges inadequate trial performance by counsel sufficient to satisfy *Strickland*. This claim was advanced through argument regarding deficiencies in counsel's trial performance in Petitioner's appellate brief. *See* Respt's Mot. Dism., Ex. 1 [Doc. No. 8-1], pp. 28-31.

The question of whether Petitioner's claim in Ground One was presented to the Oklahoma Court of Criminal Appeals presents a closer question. Upon examination of the record and Petitioner's arguments in support of his Petition, however, the Court agrees with Judge Purcell that Petitioner's assertion in Ground One is that a number of trial errors combined to deny him a fair trial, a claim which falls generally within a cumulative error

analysis. *See*, *e.g.*, *Darks v. Mullin*, 327 F.3d 1001, 1017-18 (10th Cir. 2003). While phrased in the Petition as a claim of partiality or bias by the trial court, Petitioner alleges generally that he was denied due process because the court failed to correct trial errors that occurred. Petitioner groups together in this portion of his Petition arguments regarding the performance of his trial counsel, unfair tactics by the prosecutor, and the effect on jurors' fact-finding. For example, he explains the "blind eye" of the trial judge alleged in Ground One is that the trial court "ignored *Strickland*'s ultimate focus . . . on the fundamental fairness of the proceeding whose result is being challenged." *See* Petition [Doc. No. 1], p.6 (citing *Strickland*, 466 U.S. at 696). Petitioner argues that the trial court violated a duty of "active protection" to insure he received a fair trial. *See id*., p. 10. Further, in opposition to the Motion to Dismiss, Petitioner expressly states that the trial court's "blind eye" alleged in Ground One allowed trial counsel's performance and the prosecutor's misconduct to result in a "combined prejudicial effect [that] is collectively (aggregately) assessed under cumulative-error principles." *See* Petr's Resp. Br. [Doc. No. 10], p. 13. Liberally construed, Petitioner's argument in Ground One was adequately presented in state court by arguing cumulative error in his appellate brief.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED. The Motion to Dismiss for Failure to Exhaust State Remedies [Doc. No. 8] is DENIED. The case remains pending before Judge Purcell for further proceedings consistent with the initial order of referral.

IT IS SO ORDERED this 17<u>th</u> day of October, 2014.

4

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE