IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL KENEBREW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-654-D |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter comes before the Court for review of the Supplemental Report and Recommendation [Doc. No. 22] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied. Petitioner has filed a timely written objection within the extended time period authorized by the Orders of June 19, 2015, and July 23, 2015. Accordingly, the Court must make a *de novo* determination of any portion of the Supplemental Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 with respect to a conviction of second degree depraved-mind murder – a lesser included offense to a charge of first degree malice-aforethought murder – and a 30-year prison sentence. Respondent first moved to dismiss the Petition for failure to exhaust state court remedies. Over Respondent's objection, the Court adopted Judge Purcell's initial

Report and Recommendation finding that the grounds for relief asserted in the Petition were adequately raised in Petitioner's direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). *See* Order of Oct. 17, 2014 [Doc. No. 13]. In the Supplemental Report and Recommendation now before the Court, Judge Purcell conducts a careful examination of Petitioner's claims – 1) ineffective assistance of trial counsel, 2) prosecutorial misconduct, and 3) cumulative error – in light of Respondent's answer to the Petition and the state court record, and concludes that Petitioner has not shown the OCCA's decision was contrary to or an unreasonable application of clearly-established federal law. Judge Purcell therefore concludes that Petitioner is not entitled to federal habeas relief.

In his Objection, Petitioner first makes a general challenge to Judge Purcell's summary of the facts shown by the trial evidence and the procedural history of the case set forth in a section of the Supplemental Report entitled "Background." Petitioner asserts that the underlying facts are in dispute and an expansion of the record is needed because Respondent failed to provide a relevant part of the state-court record – a transcript of the preliminary hearing held October 15, 2010. *See* Objection, Ex. 2 [Doc. No. 27-2]. Petitioner contends a portion of this transcript "conclusively proves that an evidentiary hearing is required and that state witness Kaleb Glover perjured himself by aligning his testimony at jury trial to that of the government . . . ." *See* Objection [Doc. No. 27], p.3. Petitioner argues that this evidence refutes Judge Purcell's conclusion, stated in footnote 2 of the Supplemental Report, that "Petitioner has presented nothing more than speculation and self-serving statements concerning the motivation for or veracity of Mr. Glover's testimony" and, thus,

2

"*Pinholster* precludes an evidentiary hearing." *See* Suppl. R. & R. [Doc. No. 22], pp.7-8, n.2 (referring to *Cullen v. Pinholster* , 563 U.S. – , 131 S. Ct. 1388 (2011)).  Petitioner also submits additional exhibits, including his own affidavit, photographs, and an explanation of gang terminology, and argues that the record should be expanded to include these materials.

Liberally construing Petitioner's arguments due to his *pro se* status, the Court finds that the only specific objection asserted by Petitioner regarding the "Background" section of the Supplemental Report concerns the sufficiency of the existing record and the need for an evidentiary hearing.  Regarding the additional materials submitted with the Objection, Petitioner's entitlement to federal habeas relief under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *See Pinholster*, 131 S. Ct. at 1398.  While Petitioner may be correct that the preliminary hearing transcript was a part of the record before the OCCA on direct appeal and is proper for consideration, Petitioner does not explain what testimony shown by the transcript supports his claims or entitles him to relief.  Further, where § 2254(d)(1) does not bar habeas relief, the discretion of federal courts to receive new evidence in an evidentiary hearing is further limited by § 2254(e)(2). *See Pinholster*, 131 S. Ct. at 1400-01.  Petitioner makes no effort to show that the statutory requirements have been satisfied.  Therefore, the Court finds that Petitioner has not shown any error in Judge Purcell's statement of "Background" facts.

In subsequent parts of the Objection, Petitioner asks the Court to appoint counsel to assist him in preventing a miscarriage of justice and demonstrating the ineffectiveness of his trial counsel.  *See* Objection [Doc. No. 27], p.5.  Petitioner also asks the Court to conduct a

*de novo* review of the merits of his claims, rather than a deferential review of the OCCA's decision. *See id.* p.6. Petitioner contends Judge Purcell's "statement of applicable legal principles [is] erroneous." *See id.* p.9. However, Petitioner does not address with specificity the merits of his *habeas* claims but, instead, primarily argues the merits of his trial defenses regarding the existence of *mens rea* for the offense of conviction and self-defense. *See id.* pp.2,4-5,7-9.[1]

Upon *de novo* consideration of federal legal standards governing habeas review of Petitioner's claims of constitutional error, the Court finds Judge Purcell's statement of the applicable principles to be correct. Habeas relief can be granted only if the state court's adjudication on the merits of a federal claim resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).[2] A state decision is contrary to clearly established law if the state court applied a rule that "contradicts the governing law" set forth in Supreme Court decisions, or if the facts presented were "materially indistinguishable" from those considered by the Supreme Court, and the state

---

[1] Regarding his habeas claims, Petitioner argues only in general terms that the prosecutor was overzealous and unprofessional and that his trial counsel failed to make contemporaneous objections and to effectively cross-examine adverse witnesses. *See id.* p.6. Due to the lack of a specific objection to Judge Purcell's analysis of the merits issues, Petitioner has arguably waived further review of these issues. The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of a failure to raise an issue in an objection is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2] Because Petitioner's claims do not depend on a determination of facts by the state court, § 2254(d)(2) is not implicated.

court "unreasonably applies" the governing legal principle to the case. *See Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). This Court's review is subject to a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *See Pinholster*, 131 S.Ct. at 1398 (internal quotations and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

Applying these standards, Judge Purcell considers each of Petitioner's three claims in light of the record, the OCCA's decision, and the governing constitutional standards. He discusses each issue in detail, and applies a thorough analysis of the facts and law to the claims raised. After doing so, he concludes that Petitioner had failed to show a right to habeas relief on any of the claims asserted. As stated above, Petitioner does not make a specific objection to Judge Purcell's analysis of his claims and, arguably, has waived further review. In an abundance of caution, however, the Court has conducted a *de novo* review of the Supplemental Report and Recommendation, the issues and arguments presented by the Petition, and arguments in Petitioner's reply brief [Doc. No. 21] and Objection [Doc. No. 27] in light of the record presented. Upon consideration of the issues raised, the Court finds that Judge Purcell is correct in his conclusion that Petitioner has not shown a basis for habeas relief. The Court cannot add further meaningful discussion to the analysis already set forth

5

by Judge Purcell, and therefore adopts the Supplemental Report as though fully set forth herein.

Regarding the request for appointment of counsel, Petitioner has no right to the assistance of counsel in pursuing federal habeas relief, unless an evidentiary hearing is warranted and he otherwise qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rules Governing Section 2254 Cases, Rule 8(c); *see also Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). As stated above, Petitioner has not shown an evidentiary hearing is warranted; he also has not shown he is financially eligible for appointed counsel.[3] Further, a court may appoint counsel for an eligible habeas petitioner upon determining "that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). But "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming* 265 F.3d 1109, 1122 (10th Cir. 2001) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). While Petitioner expresses concern that he is not adequately prepared to present his claims, he appears to understand the issues in the case and to have represented himself in an intelligent manner to date. Therefore, even upon a showing of indigency, the Court would decline to exercise its discretion to appoint counsel in this case.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 22] is ADOPTED, and the Petition is DENIED. A separate judgment shall be entered accordingly.

---

[3] Petitioner did not submit an application to proceed *in forma pauperis* when filing this case.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this  21st  day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE